MARGARET B. EDSON, as Executrix, etc., of MARMONT B. EDSON, Deceased, Appellant, *v.* JOHN E. PARSONS and Others, Individually and as Executors, etc., of MARY A. EDSON, Deceased, Respondents, Impleaded with Others.

*Mutual wills — revocability of — contract as to the contents of wills, enforcible —; right of the proposed beneficiary to compel performance.*

It is not the law of the State of New York, although it is the rule in some jurisdictions, that in case two persons execute wills at the same time, each having knowledge of the provisions of the other, each giving all of his estate or some definite sum to the other, that neither testator can revoke his will in the lifetime of both without giving notice of his intentions to the other.

In case two persons execute their wills in like manner, each giving his residuary estate or a definite amount to a third person, either testator may, without notice, revoke his will in the lifetime of both or after the death of the other.

No legal obligation not to revoke is created by the mere execution of such wills, but in case two persons enter into a contract by which they agree that each will give, by will, to the other, a definite sum or a particular estate, and each executes a will, pursuant to the contract, if either revokes his will without notice, the other may compel a specific performance of the contract, or, in case a specific performance is impossible, may recover damages for the breach of the contract, but the fact that the contract was made must be established by the most clear and satisfactory evidence either by recitals in the wills or by extrinsic proof.

*Quaere*, in case two persons agree that each will give by will his residuary estate or a definite sum to a third person, and they concurrently execute their wills, pursuant to the contract, each having full knowledge of the contents of the other's will, but the beneficiary having no knowledge of either and there being no consideration moving from him to either, whether such beneficiary can compel the performance of the contract or recover damages from the estate in case the provision for his benefit is revoked.

APPEAL by the plaintiff, Margaret B. Edson, as executrix, etc., of Marmont B. Edson, deceased, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 18th day of April, 1894, upon the decision of the court rendered after a trial at the New York Special Term adjudging that certain papers were not mutual wills, and dismissing the plaintiff's complaint upon the merits.

*Joseph H. Choate* and *Treadwell Cleveland*, for the appellant.

*Edward M. Shepard* and *David B. Ogden*, for the respondents.

FOLLETT, J.:

In some jurisdictions the rule is that in case A and B execute wills at the same time, each having knowledge of the provisions of the other's, each giving all of his estate, or a definite sum, to the other, neither testator can revoke in the lifetime of both without giving notice of his intentions to the other. But this is not the law of England or of this State. (*Hobson* v. *Blackburn*, 1 Addams Eccles. 274; *Ex parte Day*, 1 Bradf. 476; Jarman on Wills [6th Am. ed.], 29; 1 Williams on Ex. [7th Am. ed.] 9, 174.) In the case first cited it was said:

"I have no hesitation whatever in rejecting the allegation, propounding the mutual, or conjoint, will, as that of the party deceased in this cause, on the principle that an instrument of this nature is unknown to the *testamentary* law of this country; or, in other words, that it is unknown, *as a will*, to the law of this country at all. It *may*, for aught that I know, be valid *as a compact* — it *may* be operative in equity to the extent of making the devisees of the will trustees for performing the deceased's part of the compact."

In *Ex parte Day* the learned surrogate of the city and county of New York referred to the judgment above quoted as follows: "So far as this judgment proceeded upon the *revocability* of a will by a subsequent testamentary paper duly executed, notwithstanding any contract to the contrary, the decision is beyond criticism." We find no case in England or in this State holding that mutual wills are not revocable.

In case A and B execute their wills in like manner, each giving his residuary estate, or a definite amount, to C, either testator may, without notice, revoke his will in the lifetime of both, or after the death of the other. No legal obligation not to revoke is created by the mere execution of such wills. But in case A and B enter into a contract by which they agree that each will give, by will to the other, a definite sum or a particular estate, and each executes a will, pursuant to the contract, if either revokes, without notice, the other may compel a specific performance of the contract, or, in case a specific performance is impossible, may recover damages for the breach of the contract. In case A and B agree that each will give by will his residuary estate or a definite sum to C, and they concurrently execute their wills, pursuant to the contract, each having

full knowledge of the contents of the other's will, but C having no knowledge of either and no consideration moving from him to either, whether C can compel the performance of the contract or recover damages from the estate, in case the provision is revoked, need not be determined in this action because we are of the opinion that no such contract is established by the evidence in the case at bar.

The fact that the wills were made, pursuant to such a contract, must be established by the most clear and satisfactory evidence. If it is recited in the wills that they were so made, or if in any way it appears on their face that they were executed pursuant to a contract, it is quite sufficient. The existence of a contract may also be established outside of the wills, by the same evidence by which the existence of other contracts may be proved. In this case the evidence by which the plaintiff seeks to establish the existence of a contract outside of the wills utterly fails to convince this court that the wills were executed pursuant to an agreement that portions of the respective estates of the sisters should be given to Marmont B. Edson. The plaintiff to establish her case introduced in evidence the diaries kept by the sisters. In the diary of Susan are memoranda of their consultations with their counsel about the preparation of the wills, and in each of them we find entries relating to the most trivial occurrences in their daily lives, but nowhere is there any suggestion that their wills were made pursuant to an agreement, which seems to us to be at least as good evidence of the non-existence of such a contract as the entries referred to are of its existence.

On turning to the wills of the sisters we find no evidence in either that they were executed, pursuant to an agreement, that the amounts bequeathed by each to Marmont should not be subject to revocation by either testatrix.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.