*Legacy — pending litigations against an estate do not bar the payment of a legacy to a legatee.*

A legatee under the will of one Mary A. Edson applied to the surrogate for the payment of her legacy, when the executrix of Marmont B. Edson, who had in the first instance contested the will of Mary A. Edson, appeared and submitted an affidavit showing that there were litigations pending against the estate of Mary A. Edson, one of which was brought by the executrix to establish a mutual will formerly executed by Mary A. Edson, and that if this will were established it would dispose of all her estate, and the will admitted to probate, under which the legatee claimed, would be inoperative.

The executors of Mary A. Edson admitted that they had sufficient assets, over and above all debts and liabilities, to pay the legatee.

*Held*, that the legatee was entitled to payment.

APPEAL by Margaret B. Edson, individually and as executrix, etc., of Marmont B. Edson, deceased, from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 27th day of May, 1895, directing the payment to Lizzie Ryan O'Connor of a legacy contained in the last will and testament of Mary A. Edson, deceased.

*P. S. Dean* and *Treadwell Cleveland*, for the appellant.

*John M. Perry*, for the respondent.

VAN BRUNT, P. J.:

The will of Mary A. Edson, deceased, together with three codicils thereto, was admitted to probate by the surrogate of New York county on January 14, 1891, and letters testamentary thereon were issued on the 20th of January, 1891. By one of the codicils to the will the respondent was left a legacy of $10,000. The executors admit that they have in their hands sufficient assets over and above all debts and liabilities to pay the respondent's legacy in full, but they decline to do so because the attorneys for Margaret B. Edson,

as executrix of Marmont B. Edson, by whom the will of Mary A. Edson was contested, have notified them not to do so.

This proceeding was commenced on the 24th of April, 1895, by the respondent, a legatee under the will of Mary A. Edson, deceased, to obtain payment to her of said legacy. Margaret B. Edson, as executrix of Marmont B. Edson, deceased, appeared on the return day of the citation issued in said proceedings, and submitted an affidavit showing that there were three pending litigations involving the estate of said Mary A. Edson, and that the second of these litigations was brought by her as executrix to establish a mutual will theretofore executed by Mary A. Edson; and that if this mutual will of Mary A. Edson should be enforced it would dispose of all the assets of the estate of Mary A. Edson, and the will as probated and under which the petitioner holds, would be inoperative.

Upon this state of facts the surrogate made an order directing the payment of the legacy. It seems to be assumed upon the part of the appellant that an intention to appeal operates as a stay of proceedings. We are not aware that any such intention, no matter from what source it may emanate, has any such potent effect. In fact if the appeal itself were pending it would not necessarily stay the proceeding in reference to the estate, and thus compel the residuary legatee to pay interest upon legacies which were due and should be paid.

The order should be affirmed, with costs.

O'BRIEN and PARKER, JJ., concurred.

Order affirmed, with costs.