## ORTMAN v ORTMAN, Exr, Etc et

Ohio Appeals, 2nd Dist, Fayette Co

No 207. Decided April, 1933

W. S. Paxson, Washington Court House, for plaintiff in error.

E. L. Bush, Washington Court House, for defendant in error.

HORNBECK, PJ.

The petition in error is grounded upon two propositions:

First: "Said court erred in sustaining demurrer to plaintiff's reply to the second defense of the answer to said Edward M. Ortman, individually and as the executor of the estate of Albert P. Ortman, deceased."

Second: "Said judgment was given to the said Edward M. Ortman when it ought to have been given to said Alva C. Ortman."

The reply avers that the plaintiff was put into possession of the premises by Albert P. Ortman, deceased, in his lifetime and avers that plaintiff made valuable improvements upon the real estate upon which he moved.

Giving to the contract which is averred in the petition all the legal intendment to which it is entitled, we are unable to find that the qualified possession which plaintiff held of the premises owned by Albert P. Ortman could be construed to be abso-lute possession as would be required to take the contract out of the statute of frauds. The effect of the contract, if fully met by Mr. Ortman, deceased, would have put plaintiff in possession only at the death of the testator. It was not contemplated that he should have possession under the contract until that time. Therefore, the possession which he pleads in the reply could not, under the contract plead, be referable thereto. Likewise, if he made improvements on the farm they could not have been made upon any theory of ownership in the land when made and upon no obligation enjoined upon the plaintiff in the performance of his part of the contract with Mr. Ortman, later deceased.

On the second proposition of the petition in error, we are convinced that in no view of the pleadings could judgment have been entered for the plaintiff. Conceding to the plaintiff all to which he is entitled on the petition, in view of the fact that an answer containing a general denial had been filed, it would have been incumbent upon him to have made proof by clear and convincing evidence of his contract and of compliance therewith or in lieu thereof, willingness and readiness to comply, which was prevented by the wrongful acts of Mr. Albert P. Ortman in his lifetime. A judgment could not have been rendered for him without such proof.

We are, therefore, satisfied that the court did not err in sustaining the demurrer to the reply, nor did he err in failing to enter judgment for the plaintiff.

Did the court err in entering judgment for the defendant?

The facts plead in this case are different in one particular from any case which has come to our attention as trial judges or in any reported case in Ohio.

This is not the usual case wherein the promisor claims that for services to be rendered to the promisee the promisor was to make a will devising his real estate to the promisor, a failure of the promisee to perform, together with a plea of performance on the part of the promisor, by providing the services according to the terms of the contract. Here the promisee prepared and executed a will embodying the terms and provisions and devising the land as the plaintiff avers the promisee was bound to do and this executed will was delivered to the plaintiff and remained in his possession until the death of the promisee and is still in his possession.

If the contract had been executed on both sides then, of course, the statute of frauds would not avail to defeat the plain-

tiff's claim. The Ortman will, unlike the improperly executed will in **Ralston v McBurney, 6 Oh Ap, 303,** and the will in Bolman v Overall, Executor, 80 Ala., 451, 2 So. 624, made no reference whatever to the purpose actuating the devise to plaintiff and therefore it is claimed that there is no memorandum of the agreement in ·writing. The Ortman will of August 4, 1927, does not meet the requirements of a "memorandum in writing," as set out in **Kling, Admr. v Bordner,** 65 Oh St 86, wherein it is said:

"To make a valid contract to leave an estate including real property to another by will, it is not only necessary that the contract, or a memorandum thereof, shall be in writing, signed for the purpose of giving it authenticity as an agreement, but the terms of the agreement must be expressed with reasonable certainty in the writing, and it must contain a sufficiently definite identification of the property to be so disposed of."

The Supreme Court has followed and approved this proposition of the syllabus of Kling, Admr: v Bordner, supra, in a comparatively recent opinion in **Newbold et v Michael et, 110 Oh St, 597.** The court in this case also announced the rule controlling a decree of specific performance in cases like unto the instant case, in this language:

"Equity will not enforce by specific performance a verbal contract to leave an estate, including real and personal property, to another by will, in consideration of personal services, even though the same have been performed, and said contract and performance are shown by clear and convincing evidence, unless the character of the services were not intended to be and are not susceptible of being measured by pecuniary standard, or unless the contract has been so far executed that a refusal would operate as a fraud upon the party who has performed and would result in a denial of just compensation."

Considering these two adjudications in their application to the facts plead in the instant case, it would seem that plaintiff was not entitled to specific performance and that the demurrer to that portion of the petition seeking such relief was properly sustained. The services performed by the plaintiff for Mr. Ortman in his lifetime were clearly susceptible of being measured

by a pecuniary standard and to deny such relief would not result in a denial of just compensation to him. It appears that the real estate was appraised at $9337.07. Plaintiff in all operated under the contract plead approximately two years. The character of the services to be performed is not unusual and a fair appraisal of their value could be reached by a jury in an action on quantum meruit.

The will which must constitute the memorandum in writing of the parol agreement between the parties in this case differs from the memorandum in any case cited in that there is no reference whatever by the testator to the reason which caused him to devise his real estate to plaintiff. Thus, there is no term of the agreement expressed in the writing upon which plaintiff must rely to take the parol agreement out of the statute of frauds.

The case of Alexander v Cron, No. 276, Miami County, decided January 6, 1932, unreported, (**13 Abs** 273) is cited. In that case the possession of Ida Alexander was clearly exclusive and referable only to complete relinquishment by Mr. Cron of any possession because of ownership of the premises.

Our attention also is directed to a quotation from the opinion of Judge Pugh in Alberry et v Sessions et, 2 N.P. 237, at page 332-333, wherein he quotes from Edson v Parsons, 32 N.Y.S., 1036. The language quoted is:

"The existence and terms of the contract must be established by the most clear and satisfactory evidence.

"The same kinds of evidence by which other contracts are proved may be used. They may be proved by matter apparent on the surface of the wills, manifesting an agreement, as by express statements therein that the wills are made pursuant to an agreement, or by a mutuality of testamentary intention appearing in each will sufficient to show such an agreement, **or by extrinsic evidence outside of the wills, disclosing the terms of the contract."**

Judge Pugh was an eminent jurist and we are disposed to give full weight to his pronouncements. However, it is obvious that that portion of the quotation underscored is in direct conflict with the syllabus in the Kiing, Admr. v Bordner, supra, which we have heretofore quoted. Likewise, Bolman v Overal, supra, which supports the contention of the plaintiff in the instant case.

In our independent investigation, we have found the case of Naylor et v Shelton, (Ark.) 143 SW, wherein specific performance was decreed upon a parol contract for services which had been performed by the promisee and wherein the promisor in his lifetime had delivered a will, which was lost, containing no language referable to the contract.

The third syllabus is as follows:
"Where an owner of land made a contract to convey or devise it to his daughter, and executed the contract on his part by afterwards making a will or deed and delivering it to her, and she afterwards cared for him during his lifetime, which was the consideration for the contract, the contract was taken out of the statute of frauds by its full performance by the parties."

This is a well reasoned case and were it not for the decisions in Ohio which to us seem to be contrary to its terms, we would follow it. The performance of personal services under an oral promise to reward therefor by will is not such performance of the contract in Ohio as to take the contract out of the statute of frauds. **Grabill v Marsh, 38 Oh St, 331.**

Other cases outside Ohio supporting the contention of plaintiff are: Nelson v Schonover (Cal.) 131, page 149; Torgerson v Hague (N.D.) 3 A.L.R., 164 and note at page 172; Naylor v Shelton (Ark.) 143 S. C., 117.

We are of opinion that the court was right in sustaining the demurrer and in determining that the plaintiff had no cause of action for specific performance or for damages for breach of the oral agreement to make a will.

The judgment of the trial court will, therefore, be affirmed.

KUNKLE and BARNES, JJ, concur.