**HIMES v RICKMAN et**

Ohio Appeals, 2nd Dist, Clark Co

No 340. Decided April 18, 1934

Olinger & Olinger, Springfield, for plaintiff in error.

Todd, Tehan & Lorentz, Springfield, for defendants in error.

SHERICK, J, (5th Dist) sitting by designation.

## OPINION

By HORNBECK, PJ.

The brief of plaintiffs in error asserts and urges three grounds of error: (1) That the petition was demurrable as it failed to state a cause of action. (2). The verdict was not sustained by reason of failure of evidence as to the value of the services rendered. (3). The verdict is excessive and manifestly against the weight of the evidence.

It is urged by the defendant that, inasmuch as the oral contract set forth in the petition was voidable under the statute of frauds and defendant elected to void it, it could not properly be set out as a basis for any recovery whatever. The form of pleading adopted by the plaintiffs in this cause and the setting forth of the oral agreement was proper and in accord with the authorities in Ohio. **Towsley v Moore, 30 Oh St, 184; Railway Co. v Gaffney, 65 Oh St, 104; Walters, Admr. v Hiedy, 1 Oh Ap, 66; Ortman v Ortman, 45 Oh Ap, 557-558 (14 Abs 502).**

It is also urged that the defendant was entitled as an off-set to any amount due the plaintiffs of the value of any benefits received by the plaintiffs and that such sum must be deducted and the computation should have been made and plead in the petition. No doubt this would have been proper form of pleading but it is not fatal to the plaintiffs' cause of action because it is not so plead. As a matter of fact, the theory of the plaintiffs, though not sustained in its entirety by the record, is that they only claimed in the sum actually due them for services rendered.

Defendant argues with much force that, as the value of defendant's real estate was only $4000.00 and as he was alive with years of expectancy of life when plaintiffs left his property, it is obvious that $4000.00 is an unreasonable amount of money to claim, inasmuch as that would have been all that could have been expected had the parties gone through with their oral contract as plaintiffs set it forth. The weakness of this argument is found in that the action was not for specific performance of the contract but on quantum meruit. The obligation of the plaintiffs under the express

oral contract to care for defendant until he died offered the element of uncertainty in that at the age of sixty-eight years his expectancy of life was not great and in probability they would not have to take care of him for many years. If this contingency arose, obviously the value of the services rendered by the plaintiffs might be much less than $4000.00. On the other hand, if the defendant lived many years and was an invalid and required constant attention, the value of the services to be performed by the plaintiffs might be far in excess of $4000.00, although the maximum sum that they could realize would be the value of the property. The contract, if it had been enforceable, may have required the plaintiffs to render services far in excess of $4000.00, but they could not have collected more than that sum. On the other hand, it may have been much less, in which event they could have realized the full value of the property, $4000.00. This discussion, however, is not germane to the question presented on the cause of action plead in the petition because it is for the reasonable value of the services performed upon the basis of an implied contract to pay what they were reasonably worth. The oral agreement which plantifs plead, if made, tends to show that defendant intended to compensate them.

Under the specifications of error argued in the brief it is contended that the court erred in submitting to the jury the amount to be allowed to plaintiffs on the claim in their petition because there was no evidence fixing the value of the services which plaintiffs claimed to have performed for the defendant. The gas bills and the light bills were offered in evidence in proper form. The other services upon which the jury could have predicated its verdict consisted principally, of domestic services performed by the plaintiffs for the defendant. The only possible exception to this was found in the labor which Mr. Rickman performed in and about the real estate of the defendant. The questions put to the witness tending to establish the value of the services performed were not proper and the answers thereto were not probative but no objection was made or exception taken thereto.

As to such services, independent of the gas and light bills, as could properly have been the subject matter of consideration by the jury, they were of such nature as that the jury, without the benefit of witnesses who testified to value, could have, from their common observation and knowledge of such services, have fixed their value.

This is established by the leading case of **Hossler, Exr. v Trump, 62 Oh St, 139,** the syllabus of which reads:

"When, upon the trial of the general issue, in an action upon a quantum meruit for services of a domestic character, the plaintiff offers evidence showing the facts from which the promise to pay may properly be inferred, and also showing the nature and extent of the services rendered, the case should be submitted to the jury although no witness expresses an opinion as to the value of the services."

The final error urged is that the verdict is excessive, not supported by and manifestly against the weight of the evidence. A careful reading of the record is convincing that the jury could, within its province, have found for the defendant. But, if the statements of the plaintiffs were to be believed, and the jury had that prerogative, then we cannot say that the verdict is so manifestly against the weight of the evidence as to require its reversal.

We are, however, of unanimous opinion that it is excessive. It is not necessary to particularize and to do so would prolong this opinion far beyond reasonable limits. The excessiveness of the verdict is not such as to indicate passion or prejudice, but we are satisfied that a remittitur should be entered by the plaintiffs. If all of the judgment over and above the sum of $800.00 with interest from the date of judgment, be remitted by the plaintiffs the judgment will be affirmed. Otherwise, it will be reversed and remanded for a new trial.

BARNES and SHERICK, JJ, concur.