**ARDINGER v BELL et, Admr, Etc**

Ohio Appeals, 2nd Dist, Miami Co

No 331.   Decided May 3, 1934

L. E. Harvey, Bradford, for plaintiff in error.

Henry A. Carns, Columbus, Kerr, Kerr & Kerr, Troy, for defendants in error.

**OPINION**

By BARNES, J.

Counsel for the respective parties in their briefs seem to be at variance as to whether or not the general demurrer invokes the statute of frauds or the statute of limitations.

We shall have in mind both statutes in arriving at our conclusion.

The petition fails to state the amount, nature or character of the estate left by Mr. and Mrs. Springstein. As against a general demurrer we do not think this omission is vital.

The Supreme Court of Ohio has definite-ly and unequivocally held that an oral agreement to leave real property to another by will or otherwise in consideration of personal services is within the statute of frauds and void and further that the payment of the consideration by rendering the services is not such performance as will take the agreement out of the operation of the statute. **Kling, Admr. v Bordner, 65 Oh St, 86.**

This principle of law is given application under contracts of this character seeking specific performance or damages for failure to perform.

We have another long line of cases definitely determining that under contracts of this character where the services have been performed a quantum meruit recovery may be had.

This court has recently held in the unreported case of Ortman v Ortman, No. 215, Fayette County, Ohio that in an action on quantum meruit, the allegations of the agreement to pay by will for services performed are properly a part of the petition showing that the services were not voluntarily performed.

The law permitting recovery on a quantum meruit under a void contract is founded on the humane principle that where one party to the contract has received services from the other, payment should be made on the basis of reasonable value. The statute of frauds is enacted for the purpose of avoiding frauds and not for the purpose of promoting frauds.

It would be unconscionable for one party to have the benefit of faithful continuing service from another under promise of recompense by will and then permit the estate to say, while it is true the services were well performed, yet the contract was void and therefore payment can not be recovered.

In Kling, Admr. v Bordner, supra, at page 104 of opinion, Judge Williams uses the following language:

"The extent of a remedy at law would be to recover the value of her services."

In the case of Newbold v Michael et, 110 Oh St, 588 at page 595 of the opinion Judge Day quotes with approval this phrase from the Kling-Bordner case.

Other cases bearing on actions of this character are as follows:

**Strooble, Admr. v Strooble, 42 Oh Ap 353 (12 Abs 146).**

**Towsley v Moore, 30 Oh St, 184.**

**Ortman v Ortman, 45 Oh Ap 557 (14 Abs 502).**

**Walter, Admr. v Heidy, 1 Oh Ap, 66.**

We next consider the question of the statute of limitations.

"An action upon a contract not in writing. express or implied * * * shall be brought within six years after the cause thereof accrued." §11222 GC.

As, applied to the instant case, the question arises as to when the action accrued. We think the authorities are rather uniform that under a contract such as set out in plaintiff's petition, the action accrues (1) Either at the date of the death of the contracting party, (2) At the time of the appointment of an administrator at the decease of the contracting party (3) At the date of the breach by one of the contracting parties and then only at the option of the other.

The case of **Southern v Kerson, 13 Oh Ap 289,** is directly in point. The second syllabus reads as follows:

"The statute of limitations does not begin to run on an oral agreement to compensate the plaintiff for services to be rendered on a farm by making a will devising to him the farm until the death of the promisor and the appointment and qualification of his administrator."

Also to same effect see **Walter, Admr. v Heidy, 1 Oh Ap, 66,** wherein it is announced that in an action to compensate for work by will, the statute of limitations begins to run at the date of the appointment of an administrator.

Also see **Norris, Admr. v Clark, 7 Ohio Decisions Reprint, 564,** being a decision by the District Court of Hamilton County wherein the third syllabus reads as follows:

"The statute of limitations would not begin to run on a contract to compensate services by provisions in a will until death of the promisor."

It is our conclusion that the above rule is recognized very generally not only in this state, but in other jurisdictions as well. See **Volume 37 Corpus Juris, 820, §172.**

"Where a contract is so framed that a right of action does not accrue to the promisee until the death of the promisor, the statute does not begin to run until that event happens. Thus where a contract for services provides for compensation to be paid after the death of the employer or out of his estate after his death, the statute of limitations does not begin to run against the employee's claim until the employer dies, unless the latter in his lifetime commits an actionable breach of the contract. But where the employer in his lifetime repudiates the contract and prevents further rendition of the services, a right of action to recover for services rendered accrues at once and the statute begins to run immediately at the option of the promisee, according to well settled principles of the law of contracts."

Also page 821, §173:

"Where a contract provides that the promisor shall make a will in favor of the promisee or devise or bequeath property to him, as for instance by way of compensation for services, the statute of limitations does not begin to run until the death of the promisor, unless the contract is mutually abandoned or an actionable breach occurs in the latter's lifetime,. as where the promisor repudiates the contract and prevents further performance by the promisee, thus giving an immediate right of action and setting the statute in motion from that date, but only, in the case of a continuing contract, at the election of the promisee."

We think unquestionably that the contract stated in the petition is a continuing contract, although the statement of the claim on the first page of the petition in the nature of an account if standing alone would indicate that the same was a contract from year to year. Of course, if the contract is one from year to year so much of the amount sued upon if extended beyond a period of six years would be barred of the statute of limitations and apparently this was the theory of the trial court in sustaining the general demurrer and entering judgment against the plaintiff. This principle is very clearly announced in **Snyder v Rollins, 102 Oh St, 372.**

It is a well recognized rule of pleading that action under contract may be set out in the form of an account. In considering the general demurrer to the petition, it is the duty and obligation of the court to look to the entire petition. This pleading as a whole can lead to no other conclusion than that it is the claim of plaintiff that her services were to be paid for after the death of Mr. and Mrs. Springstein. The setting out of the charge as a statement of account is purely an expediency as giving definite information as to the manner of ascertaining the value of the services under the action to recover on the quantum meruit.

It probably would have been better pleading to have omitted the statement as in the nature of an account but in view of what follows, we do not think the nature of the action is changed. By reason of the authorities as we find them, we are constrained to reverse the judgment of the court below and remand the case for further hearing. Costs in this court will be taxed against defendant in error. Exceptions will be allowed to the defendant in error.

HORNBECK, PJ, concurs.