STUPP v LEAR, Exrx.

Ohio Appeals, 2nd Dist., Clark Co.

No. 425. Decided Jan. 24, 1942.

Hugh Hagan, Springfield, and A. C. Link, Springfield, for plaintiff-appellee.

A. J. Halloran, Springfield, and C. Roger Sullivan, Springfield, for defendant-appellant.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a money judgment in favor of the plaintiff and against the de-fendant, entered upon the verdict of a jury.

The assigned errors are numbered 1 to 10, inclusive, but in instances they may be combined and the questions presented thus reduced.

Plaintiff, in her original petition, claimed that defendant's decedent in her life time employed her to render such nursing service, care and attention to defendant's decedent and to her husband as they then or might thereafter require, and to assist defendant's decedent generally in the performance of her household duties and business affairs; that defendant's decedent promised to pay the reasonable value of such services and to make proper provision for such payment in her last will and testament.

There is but one answer in the transcript of docket and journal entries, designated amended answer,—the first defense of which is a general denial, and the second defense—an averment that the allegation of the petition that the payment was to be made in decedent's last will and testament was, because not in writing, barred by the statute. Before the cause went to trial the petition was amended by striking therefrom the averments, wherever they occurred, to the effect that defendant's decedent was to make proper provision for payment for her services in her last will and testament.

Plaintiff replied—designated "Reply to the Second Defense of the Amended Answer" by a general denial. Notwithstanding the anomalous situation respecting the pleadings, it is evident that the cause went to trial upon the issues joined by the petition, as amended, and the general denial of the answer.

After motions for new trial and for judgment notwithstanding the verdict were overruled, judgment was entered upon the verdict.

The trend of the testimony in this case follows a familiar pattern, where during the lifetime of a person another is engaged to do services for him with a general promise to reward or pay later. The promissor dying without

specifically performing, the promisee, having rendered the services, is remanded to his action in quantum meruit, which procedural right is well recognized. Kling v Bordner, 65 Oh St 86, Newbold v Michael, 110 Oh St 588, Struble v Struble, 42 Oh Ap 353, Martin v Dickey (2nd District), 9 Abs 500, Ardinger v Bell (this court), 17 Abs 438, Ortman v Ortman, (this court) 14 Abs 502, 45 Oh Ap 551.

During the trial the husband of the plaintiff testified in her behalf and the fourth assignment of error is directed to the admission of this testimony, and it is claimed that the witness was disqualified under §11495 GC. The husband of the plaintiff was not a party to the action which is a prerequisite to the application of the section invoked. The same witness was permitted to express an opinion as to the value of services rendered by the plaintiff and for which she sought payment.

The services for which plaintiff sought recovery were, in almost all instances, those which are recognized as of a domestic character. The plaintiff, offering evidence showing facts from which a promise to pay her could properly be inferred, and also showing the nature and extent of the services rendered, had the right to go to the jury upon the value of the services without any opinion evidence as to their value. Hossler, Extr. v Trump, 62 Oh St 139. In the cited case the items of the account under consideration were nursing, bathing, caring for decedent, washing his clothes, mending and caring for his clothes generally. The principle has been recognized in other cases by this court. Himes v Rickman, 17 Abs 574. The jury under the instruction of the court was expressly charged with the responsibility of evaluating the services. Notwithstanding this fact, the witness, who had special knowledge of the value of the services, was properly permitted to express an opinion of their worth. Fenton v Askew, 119 Oh St 605.

The court in the Hossler case supra, did not say that the value of such services could not be proved by a witness but that it was not mandatory that it be so proven. The question, as framed, was probably objectionable because it was not restricted to the value of the services of which the witness had knowledge and which had been brought to the attention of the jury, but in all probability the question was so intended and so understood. However, the specific objection urged by counsel for defendant upon the motion to strike was that the witness had not qualified to testify on the subject. We find no prejudicial error in the admission of the testimony.

Further objection is made under this assignment to the admission of the testimony of Mrs. Frank Cassel, who, in response to question by counsel for the plaintiff, "'What, if anything, did they say to you (referring to Mr. and Mrs. Gutman) about compensating Mrs. Stupp?,—answered, "Mrs. Stupp was to be made executor of the Gutman estate for her compensation." The court refused, upon motion of defendant, to strike the answer. The question and answer were not objectionable. The fact that the answer did not specifically conform to the theory of either party in their pleadings does not make it inadmissible and it was a free expression of the witness of her recollection of what decedent had said she would do for Mrs. Stupp by way of compensation for her services. It had some probative effect as tending to establish that decedent intended to compensate plaintiff for the value of the work done by her. Henderson v Stroup, 32 Abs 605. The fact that the testimony also would have been competent had the parties gone to trial upon issue drawn upon the original petition wherein it was claimed that she was to be paid by will, does not render it incompetent in the action on quantum meruit. This one answer of the witness was the only reference in the whole record to any promise on the part of the decedent to pay plaintiff under the terms of a will.

The fifth assignment relates to the refusal of the trial judge to accept testimony of witnesses to establish statements of Joseph Gutman, the deceased husband of the decedent, that the said Joseph Gutman had brought to Springfield Mrs. Lear and Mrs. Gutman, his sisters, to take care of himself and this appellant's decedent. It is claimed that this testimony █ tended to establish a "frame of mind and a plan of life" which rendered improbable the truth of the testimony of plaintiff and her witnesses. If this testimony had any probative effect it was remote and although we would not characterize its admission as prejudicially erroneous, it was admissible, if at all, within the discretion of the trial judge. It is indeed doubtful if it was admissible for any purpose. Certainly there was no prejudicial error in rejecting it.

We have examined **Ry. Co. v Herrick, 49 Oh St 25,** and **Baker v Toledo & Indiana Ry. Co., 10 O. C. C. N.S. 297,** cited by appellant. We find that in both cases the testimony under the consideration and which was held to be probative, clearly had more direct and sequential connection with one of the ultimate questions for determination than the proffered testimony bore to the question whether or not the services were rendered by the plaintiff with promise to pay for them.

The 6th assignment is based upon the refusal of the court to charge, at the request of defendant, **§10504-3a GC,** providing that "no agreement to make a will or to make a devise █ or bequest by will shall be enforceable unless such agreement is in writing, * * *." This charge was not germane nor responsive to any issue made by the pleadings or the evidence and, therefore, was properly refused.

The other assignments of error are directed to the weight of the evidence, failure of the proof to establish any contractual relation between the plaintiff and defendant's decedent, and the refusal of the court to overrule the motion of defendant for judgment notwithstanding the verdict.

An examination of the testimony in the light of the pleadings is convincing that the issues were well defined, the cause of action was well grounded at law and the jury had the right to resolve the disputed questions of fact in favor of the claim of the plaintiff.

We find no prejudicial error in the trial of the cause in any of the particulars assigned. The judgment will be affirmed.

GEIGER, PJ. and BARNES, J., concur.