HARLOW, Respondent, vs. KINGSTON and wife, Appellants.

*May 29—June 25, 1919.*

*Deeds: Cancellation: Grounds for relief: Previous intoxication of grantor: Inadequacy of consideration.*

1. One who, as a result of intoxication, has been deprived of his memory or judgment or rendered incapable of comprehending or appreciating the nature and effect of his act (in this case the execution of a deed), will be granted relief in equity against the consequences thereof, if the other party thereby obtained an unconscionable bargain.

2. Where the grantor in a deed conveying his interest in certain land for an inadequate consideration had been grossly intoxicated for some time immediately prior to its execution, so that his thirst for liquor dominated his mind and rendered it abnormal and incapable of appreciating the effect of his act, equity will cancel the deed although the grantor was sober at the time of executing it.

3. The grantor having conveyed his interest in the property, which the court found to be worth $1,388, for $200, the consideration was so inadequate as to entitle him to relief against the deed, although the interest conveyed was subject to the dower and homestead rights of his mother, who was then sixty-six years old.

APPEAL from a judgment of the circuit court for Calumet county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This action was brought by plaintiff to cancel and annul a deed made by him to defendants, by which he conveyed to defendants his interest in certain property.

Timothy Harlow, father of the plaintiff, died intestate in September, 1910. At the time of his death he was possessed of eighty acres of land in the town of Rantoul, Calumet county, on which he resided, also eighty acres of land in Oconto county. He was survived by his widow and nine children, of whom plaintiff is one. By the final order of settlement made by the county court in the estate of Timothy Harlow, plaintiff was assigned a one-ninth interest in and to the real estate of Timothy Harlow, subject to the dower and homestead rights of the widow and the lien of two mortgages, and there was also assigned to him an undivided one-tenth interest in and to certain farm personal property of the value of $68.21.

At the death of Timothy Harlow he left two mortgage liens against the real estate in Calumet county, one for $800 and one for $1,000. His widow gave a renewal mortgage upon the lands of which he died seized, signed by herself, for the principal sum of $1,900, on which, on July 31, 1916, there was $72 accrued interest. The widow, Mary Harlow, claims that the $800 and the $1,000 mortgage are still a lien upon this land. The widow was sixty-six years of age when this action was prosecuted.

On July 31, 1916, plaintiff deeded his interest in the estate to defendant *Kingston* for $200. He claims in this action that at the time of the execution of the deed, as a result of intoxication, he was mentally incompetent and insane from the excessive use of liquor and was incapable of understanding or executing the deed; that defendant *Kingston* knew this, and that *Kingston* obtained the deed from him through fraud, duress, and undue influence. The answer of the defendant admits the making of the deed, but denies drunken-

ness or incapacity of the plaintiff, and denies all fraud or undue influence on the part of the defendant *Kingston.*

The case was tried before the court without a jury. The court, among its findings of fact and conclusions of law, determined the following:·

(1) That for some ten days before the deed was executed plaintiff had been on a prolonged spree and had been grossly intoxicated, although at the time of the making of the deed he was sober; that he had been out of money for several days and had exhausted his credit; that immediately upon obtaining the purchase price he started on another drunken debauch which lasted ten days or two weeks thereafter.

(2) That while the plaintiff was not appreciably under the influence of liquor at the time of the sale, nevertheless, by reason of his debauch, he had such a consuming thirst for liquor and his mind was so dominated thereby that it did not act normally and he did not appreciate what he was doing.

(3) That the defendant did not solicit the purchase and conveyance, but was solicited by the plaintiff; that the purchase price was $195.

(4) That the defendant was not guilty of fraud, artifice, or deceit.

(5) That the price paid was grossly inadequate and the transaction unconscionable.

(6) That before action was brought plaintiff offered defendant $200 and interest and demanded a rescission of the contract and tendered defendant a deed to execute, all of which defendant refused, even though the plaintiff finally offered him $250 to reconvey.

(7·) That the value of plaintiff's interest in his father's estate is $1,388, subject to the homestead and dower rights of his mother.

As a conclusion of law the court held that, the money having been offered to defendant by plaintiff and refused by defendant, the sum might be deposited with the clerk of the circuit court for the use and benefit of defendant; that the

deed be declared null and void; and that the judgment of the court stand as a reconveyance of all property covered by the deed.

Judgment was entered accordingly and the $200, with interest, paid to the circuit court clerk for the use and benefit of defendant. The defendant appealed from this judgment.

For the appellants the cause was submitted on the brief of *T. L. Doyle* of Fond du Lac.

*L. P. Fox* of Chilton, for the respondent.

SIEBECKER, J.     This is an action in equity for the rescission of a deed on the ground that plaintiff at the time he executed the deed was legally incapacitated to make it.     The incapacity of plaintiff is found by the circuit court to have been due to a prolonged debauch from intoxication immediately preceding the day of the sale of his property to the defendant, and that by reason thereof his mind at the time of the sale was so dominated by a consuming thirst for liquor that it did not act normally and that he did not appreciate what he was doing.     The significance the court gave to this finding in the light of the evidence presented by the record is shown by the relief awarding rescission of the deed and directing return to the defendant of the consideration he paid plaintiff. Relief in actions of this nature is based on the ground that

"Both minds must meet in such a transaction; and if one is so weak, unsound, and diseased that the party is incapable of understanding the nature and quality of the act to be performed or its consequences, he is incompetent to assent to the terms and conditions of the instrument, whether that state of his mind was produced by mental or physical disease and whether it resulted from ordinary sickness or from accident or from debauchery or from habitual and protracted intemperance." *Johnson v. Harmon,* 4 Otto (94 U. S.) 371.

This principle was relied upon in *Burnham v. Burnham,* 119 Wis. 509, 97 N. W. 176.     If the effect of the intoxication deprives the party of memory or judgment or makes

him incapable of comprehending or appreciating the nature and effect of the act, then equity, upon application of such party, grants relief. *Fagan v. Wiley,* 49 Oreg. 480, 90 Pac. 910; *Drefahl v. Security Sav. Bank,* 132 Iowa, 563, 107 N. W. 179; *J. I. Case T. M. Co. v. Meyers,* 78 Neb. 685, 111 N. W. 602; *Swan v. Talbot,* 152 Cal. 142, 94 Pac. 238; *Moetzel v. Koch,* 122 Iowa, 196, 97 N. W. 1079.

When an unconscionable bargain has resulted from conditions due to intoxication and debauchery, equity considers the transaction an imposition on the incompetent party and awards relief. 14 Cyc. 1105. The findings of the trial court present a state of facts showing plaintiff was at the time of this transaction an incompetent as the result of gross intoxication and debauchery, and that the consideration defendant paid plaintiff for the property conveyed was grossly inadequate. Such a state of facts presents a case for the relief granted by the circuit court, if the evidence sustains the findings.

The defendant contends that the evidence fails to show that plaintiff was intoxicated at the time he deeded his property to defendant on July 31, 1916. The trial court is explicit in its finding that at the time the transfer was executed plaintiff was not appreciably intoxicated, but that by reason of his gross intoxication for a long period immediately before this day a consuming thirst for liquor so dominated his mind as to render it abnormal and that he was unable to appreciate what he was doing. This in nature and effect shows that plaintiff's intoxication produced such abnormal condition of mind as to render him incapable of comprehending and appreciating the effect of his act. We have examined the evidence and find that it sustains the trial court's findings on this issue. The court also found that the consideration of $200 defendant paid plaintiff for his one-ninth interest in his father's estate was grossly inadequate in the light of the fact that plaintiff's interest in the land at the time was worth $1,388. It is manifest that such disparity between value

and consideration paid shows a grossly inadequate consideration, and the facts support the inference that defendant at the time of purchase fully realized that he was obtaining such a bargain.    He acquainted himself with the nature of the property, and no doubt understood what was its actual value before the deal was consummated.    But, it is claimed, the value found by the court is not sustained by the evidence. True, plaintiff's interest is subject to his mother's dower and homestead rights, the mother being sixty-six years of age at the time of the trial.    On the record it cannot be said that the mortgage given by the mother is a lien on the interest acquired by the defendant.    Allowing for the mother's interest, the value of the one-ninth interest in the land is far in excess of the consideration of $200 paid by the defendant, and the transaction is an unconscionable bargain by which plaintiff was deprived of his property.

We are unable to say that the court's findings on this point are against the clear preponderance of the evidence.    The record shows that plaintiff offered to repay the defendant $200 with interest before action was commenced. . It is considered that the record sustains the judgment awarded by the trial court.

*By the Court.*—The judgment appealed from is affirmed.