## NUNN v. BOAL.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1985.   Decided Jan. 30, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

923.  PLEADINGS—384.  Demurrer.

Averment, in petition, that care and services and nursing were not susceptible of being measured by pecuniary standard, is statement of conclusion, and not admitted by demurrer. Demurrer admits only such facts as are well pleaded.

1100.  SPECIFIC PERFORMANCE—297.  Contracts.

1. Equity will not enforce specific performance of contract for ordinary services in caring for and nursing elderly people.

2. Equity will not order specific performance on part of defendant without requiring plaintiff to specifically

perform remainder of services which he contracted, and will not, as a rule, order specific performance of personal services.

3. It is only contracts for performance of such peculiar and unusual services as will not permit value thereof being assessed by jury, that will justify court of equity in decree for specific performance.

Error to Common Pleas.

Judgment affirmed.

Boggs & Doty, Toledo, for Nunn.

George A. Bassett, Toledo, for Boal.

STATEMENT OF FACTS.

This action is one for specific performance of a contract relating to real estate. A general demurrer to the petition was sustained and the petition dismissed.

The petition avers, in substance, an oral contract between the plaintiff herein and the defendant Boal and his wife, by which the Boals agreed that if the said plaintiff would abandon his home and come to live with the Boals, and care for them during the rest of their lives, they would either deed or will to him their interest in certain real estate which they then owned. Plaintiff avers that he has fully performed all the conditions of the agreement on his part, that he cared for and nursed and supported Lizzie Boal, wife of the defendant, until her death, and cared for and nursed and supported defendant so far as necessary until the defendant left the premises about April 30, 1927, and refused to abide by his contract, and refused to allow the plaintiff to perform his part thereof, although plaintiff has at all times been ready, willing and able to carry out the agreement on his part and has so offered. It is also averred that Lizzie Boal died on or about April 17, 1927, and did not devise or leave her property to the plaintiff by last will or otherwise.

It is also averred that the services and nursing which the plaintiff furnished, were not intended to be and were not susceptible of being measured by a pecuniary standard and he avers that the refusal of the defendant to carry out the contract operates as a fraud on the plaintiff.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

RICHARDS, J.

The authority which is relied on to sustain the claim that the petition states a good cause of action is Newbold et v. Michael et, 110 OS. 586. In that case it was held that equity will not enforce, by specific performance, a verbal contract to leave real and personal property to another by will in consideration of personal services, unless the character of the services were not intended to be and not susceptible of being measured by a pecuniary standard or unless the contract has been so far executed that a refusal would operate as a fraud. It is contended that the averment of the petition that the care and services and nursing were not intended to be and were not susceptible of being measured by a pecuniary standard, brings the case within the latter portion of the syllabus of the authority just cited. The court, however, is of the opinion that the averment is no more than a statement of conclusion, and a demurrer admits only such facts as are well pleaded.

The petition shows that the services which were being performed were the ordinary services of caring for and nursing elderly people. It is within the knowledge of every lawyer that compensation for such services is readily assessed in an action at law to recover the value thereof. It is only a contract for the performance of such peculiar and unusual services as will not permit of the value thereof being assessed by a jury that will justify a court of equity decreeing specific performance.

The petition discloses that the defendant has repudiated the contract and refused to allow the plaintiff to further perform. A court of equity could not order specific performance on the part of the defendant without, at the same time, requiring the plaintiff to specifically perform the remainder of the services which he contracted to perform, but a court of equity will not, as a rule, order the specific performance of personal service. The principle is stated in 25 R. C. L. 305.

For the reasons the judgment will be affirmed.

(Williams and Lloyd, JJ., concur.)