## RADABAUGH v LANTZ

Ohio Appeals, 1st Dist., Hamilton Co.
No 3648. Decided April 21, 1930

Harry E. Marble, Cincinnati, for Radabaugh.

Closs & Closs, Cincinnati, for Lantz.

HAMILTON, J.

The question of the statute of frauds has no bearing on the proposition. It was an executed transaction.

The payment of the $425 by Lantz to Radabaugh was a voluntary payment under a claim for services in procuring the optional contract. There is no connection between this transaction and the transaction under which the sale was actually made and the commission of $812.50 earned. To entitle Lantz to the set off, it would necessarily be as for money had and received or payment, made under mistake of fact amounting to legal fraud. There is nothing in the record showing either situation. The fund of $1,000 was procured by Radabaugh bringing in the party who entered into the optional contract, and Lantz received the $1,000 by reason of this service. Radabaugh would not have been entitled to maintain an action under the statute to recover any part of the $1,000. Radabaugh was able to induce Lantz in good conscience that he was entitled to one-half. Lantz testified, that feeling he wanted to do what was right in the matter, voluntarily paid $425 to Radabaugh, and this transaction was over.

We are unable to see under what rule of law Lantz would be entitled to maintain an action against Radabaugh to recover money voluntarily paid upon a claim which he did not at the time of payment dispute, although he knew all the facts of the transaction.

We are therefore of the opinion that the court committed error in allowing the set-off as against the claim sued upon in this action, and that the judgment should have been for the full sum of $812.50.

The judgment of the court of Common Pleas will be set aside, and held for naught, and the facts not being materially in dispute, we will enter the judgment here that the court below ought to have entered.

Judgment will be entered here for the plaintiff in error for the amount of $812.50 and costs.

Cushing, PJ, and Ross, J, concur.