## HATHAWAY v JONES et

Ohio Appeals, 6th Dist, Wood Co

No 557. Decided March 12, 1934

Benjamin F. James, Bowling Green, and Silas E. Hurin, Toledo, for plaintiff.

Bowman & James, Bowling Green, for defendants.

## OPINION

By RICHARDS, J.

The fourth amended petition and the evidence disclose that the value of the services contracted for was intended to be and was easily susceptible of being valued in money, and in such cases the principle of law is as stated in **Newbold v Michael, 110 Oh St, 588,** that specific performance of an oral contract for services to be in part compensated for by a transfer of real estate,

554

will not lie unless a fraud would result by such refusal. That case was followed by this court and a similar conclusion announced in **Nunn v Boal, 29 Oh Ap, 141,** **(6 Abs 148).** In the latter case specific performance was refused in view of the adequacy of a remedy at law in an action to recover the value of the services.

The pleading of the plaintiff is to the effect that the decedent promised to make a proper transfer and conveyance of the property to her but in the evidence it is attempted to show that he had executed a will in her favor. It does not appear what finally became of the will which it is claimed he made, nor what terms or provisions it contained. The purpose of offering evidence in relation to the will was to escape the effect of the statute of frauds, by showing that he had signed a written instrument confirming his oral promise. No evidence was introduced showing that the will contained any reference to the oral contract, nor that it made any reference to the reason for making a devise in her favor, if it indeed contained such a devise. The record is devoid of evidence showing any written memorandum, and the case for specific performance is within the statute of frauds. The case falls within the decision rendered in **Ortman v Ortman et, 45 Oh Ap, 551, (14 Abs 502),** and also within the case of **Ringler v Benedict, 39 Ohio Law Reporter, p. 1, (15 Abs 265),** decided by the Court of Appeals of Warren County on May 8th, 1933. The delivery by the decedent of a key to the residence, so that she might have access at all times while she was caring for him, and the possession of the premises which she had while she was performing such services would not, of course, be an exclusive possession in her, as the decedent continued to reside there during his lifetime. These facts, therefore, would not take the case out of the requirements of the statute of frauds.

The performance of personal services under an oral agreement to convey real estate and household goods in payment therefor, or to devise the same by will, is not such performance as to take the case out of the statute of frauds when the services which are performed are susceptible of being measured in money.

. We can find no principle of law which entitles the plaintiff to prevail in an action for specific performance, and judgment and decree will be rendered for the defendants.

Decree for defendants.

WILLIAMS and LLOYD, JJ, concur.