## ALWARD v MANORE

Ohio Appeals, 6th Dist, Lucas Co

No 2929. Decided March 18, 1935

J. J. Waldvogel, Toledo, and Richard Mc-Clure, Toledo, for plaintiff.

Flory & Taylor, Toledo, for defendant.

**12**

**OPINION**

By CARPENTER, J.

On the first issue, as to performance by plaintiff, we find that plaintiff did perform all the promises she made her father in the contract, to his satisfaction. With that issue so disposed of, what if any are the rights of plaintiff in the title to the real estate under the contract? The defendants claim that for want of delivery the deed executed by decedent is ineffective to convey the title, hence the contract is impossible of performance, and plaintiff can only look to her remedy at law, and to decree to her the property would in effect be making another and different contract for the parties. That the deed is ineffective to pass title is conceded by plaintiff, but she claims that having performed her part of the contract, she became the equitable owner of the property on the death of her father, and the property became impressed with a trust in her favor. With that we agree.

The terms of the contract are clear, and

so are the intentions of the parties in making it. The father provided for his care and keep the rest of his life by his daughter, and for this he clearly intended to give her the property,—not a valueless piece of paper. Not only do we have this manifest in the contract, but thereafter he said to various persons he was "satisfied" with the arrangement he and his daughter had made and that he had a good home. Some of these expressions were made but a few weeks before he died. Nor did he avail himself of the right reserved to him in the contract, to notify plaintiff to leave upon her failure to perform her part of the contract.

The evidence shows that the value of the real estate was about $2100.00 or $2200.00 at the death of the decedent, and substantially that at the time the contract was made. In view of the fact plaintiff cared for her father and performed her part of the contract for four years, and might have done so much longer, had he lived, the property would not be an excessive or unconscionable consideration for the services she rendered and the care she gave her father.

Many cases have been cited to us involving problems of contracts, specific performance, mistake and trusts. In none do we have the same facts here presented. We think this court of equity should look at the substance of the contract and give effect to the manifest intention and purpose of the parties, even though that cannot be accomplished in the precise form provided by the contract. To deny relief because the vehicle chosen by the parties to convey the title is ineffective to do that, when a way can be provided by the court not inconsistent with the purpose of the contract, would be inequitable and unjust.

The principle is not different from that involved in **Emery v Darling, 50 Oh St, 160,** not only as to the equity of giving effect to such a contract, but also the inadequacy of the remedy of an action for damages; there the consideration for the promise was the services of one sister to another. The court said, page 166:

"The consideration that moved Miss Powell to make the promise was a desire for the society of her sister. The value of the society of one sister to another is incapable of measurement in money."

That is equally true in this case where the father sought the care as well as the

society of his daughter. As opposing the last stated proposition, defendants cite:

Kling v Bordner, 65 Oh St, 86;

Newbold v Michael, 110 Oh St, 588;

Nunn v Boal, 29 Oh Ap, 141 ; (6 Abs 148);

Hathaway v Jones, 48 Oh Ap, 447; (16 Abs 553).

But in each of these cases, the services were performed by a stranger, and not by a near relative as in Emery v Darling, supra and in the case at bar. The elements of society and companionship and the peculiar care required by Manore in case of illness, or anything like them, were not present in those cases.

The recent case of Gillespie v Loge, 48 Oh Ap, 463, (17 Abs 213), (motion to certify overruled June 13, 1934), is directly in point both on the form of the remedy and as to the power of a court of equity to administer such remedy.

For the reasons above stated, we conclude the devisees under the will of John Manore took the legal title to the real estate described, impressed with the trust arising from the equitable title of the plaintiff therein, and that that may be done which ought to be done, they are ordered to convey that legal title to plaintiff, and on their failure to do so, decree herein shall operate as such conveyance.

Decree for plaintiff.

LLOYD and OVERMYER, JJ, concur.