### CHASE v FARR

Ohio Appeals, 2nd Dist, Franklin Co

No 2787. Decided Oct 15, 1937

436

Morrow & Morrow, Columbus, for plaintiff-appellee.

Charles A. Eberly, Columbus, for defendant-appellant.

## OPINION

By GEIGER. J.

This cause is before this court on direct appeal from the Probate Court of Franklin County.

In the court below the plaintiff alleged his appointment and qualified as executor of the estate of Florence E. Cummings, deceased, who died April 26, 1935, leaving one Jasper C. Farr as surviving spouse. Jasper C. Farr was married to the decedent September 27, 1934. Decedent left a last will and testament dated August 8, 1933.

The contents of the second item of the will is set out.

Plaintiff alleges that several years prior to the making of the will, his sister was in a weak condition and not able to care for herself. and that she requested the plaintiff to move to her house to take care of her for the remainder of her life, and in order to induce him to do so, promised and agreed that she would make a will devising all of her property to him at her death.

Plaintiff alleges that he acted upon her request, in pursuance of the promise. and moved into the house of the decedent and ·cared for her during the remainder of her life, and that she, in pursuance of said contract, did make and declare the will referred to.

Plaintiff alleges that the debts have been paid, and that he is called upon to distribute the estate according to the law and the terms of the will, and that he is inquiring as to the law governing his duties, especially as to whether or not, the decedent having made a contract to make a will, and having made the will in accordance with the terms ·of the contract, the provisions thereof having been fully performed in respect to the contract by the. beneficiary, and the decedent after the making of said contract and the execution of said will, having inter-married with the defendant, Jasper C. Farr, does or does not the law give Jasper C. Farr any interest in said property, by virtue of the fact that he is the surviving spouse of the decedent.

To this petition an answer is filed by Jasper C. Farr, making certain admissions,

and as a first defense, asserting a general denial of allegations not admitted.

As a second defense, he alleges that he is the surviving husband of the decedent, Florence E. Cummings Farr; that he had no knowledge of any agreement between her and the plaintiff, and the first that he had knowledge of said claimed agreement was when the said plaintiff filed his petition.

As a third defense, defendant alleges that the agreement set out in the plaintiff's petition is barred by §8621 GC.

Upon the hearing, the court decreed that Jasper C. Farr, the surviving husband of the decedent, is entitled to his exemption as provided by §10509-54, GC, and the executor was ordered to pay over the amount of said exemption, and in distributing said estate pay one-half of the net estate to the said Jasper C. Farr.

Christie B. Chase, as executor, gave notice of his intention to appeal on questions of law and fact, to the Court of Common Pleas of Franklin County, Ohio, and as an individual. to appeal on questions of law to the Court of Appeals of Franklin County, Ohio. The appeal to the Court of Common Pleas was not perfected, and the case is before this court on questions of law.

A bill of exceptions was perfected and filed.

The proceedings were instituted under favor of §12102-1, GC, which provides that courts of record within their respective jurisdictions, shall have power to declare rights, status and other legal relations whether or not further relief is or could be obtained.

Sec 12102-4 GC seems more particularly to relate to the present action, and provides in substance that any person interested as or through executor, etc., in the administration of the estate of a decedent may have a declaration of rights or legal relations in respect thereto, to direct the executor to do or abstain from doing any particular act in his fiduciary capacity; to determine any question arising in the administration of the estate or trust, etc.

The court below, page 26 of the record, states that the plaintiff here is not asking for an affirmative judgment; simply asking for instructions.

The court, on page 2 of his decision, states that it had held that a promisee under the circumstances as set forth in the petition, has the choice of two remedies, one of which was an action in damages against the administrator, and the other an action in equity, by which he could seek to impress a trust upon the property in the hands of the heirs, for the benefit of the promisee.

The court then states that plaintiff has chosen the latter remedy, which is equitable in its nature, and is substantially an action for specific performance, although not such in name.

The plaintiff, however, asserts that he is not asking specific performance, or to recover anything from the estate, but is simply asking to protect the title of the appellant from the claim of Jasper C. Farr, the appellee.

The plaintiff claims that Christie B. Chase fully executed the contract on his part, and that the decedent made a last will which remained her last will, and that by her death the will immediately vested the fee in the devisee, Chase, and that there is no contract to be enforced, and no trusteeship to be declared; that he was in full possession of the property and the legal title, and the only proposition of litigation is to determine whether or not Farr, by reason of his subsequent marriage to the decedent, has a right to take away from Chase any of the property so acquired; that Chase does not ask the court to assist him either to obtain possession or title, of which he claims to have both.

The questions for the court's determination are well stated in the briefs. and counsel have been diligent in the citation of authorities.

It may not be possible for us to comment upon all the authorities cited, but we have given them consideration.

The appellant, Christie B. Chase, files in this court an assignment of errors, asserting that the court erred in holding that the contract between the decedent and Chase was not an executed contract, and was, therefore, subject to the application of the statute of frauds; in holding and deciding that because the will did not refer to the contract it was not sufficient memorandum to comply with the statute; in holding and deciding that the contract was void by the statutes of fraud, because the instrument did not contain the entire contract; in holding and deciding that the defendant, Jasper C. Farr, was entitled to share as the relict of the decedent, Florence E. Cummings, in the estate of Florence E. Cummings, notwithstanding the will and the contract made between Florence E. Cummings and Christie B. Chase; in holding and deciding that the plaintiff

in the court below, did not establish by clear and convincing evidence the contract in question, and that Farr was entitled to participate in one-half of the net estate and to his exemptions by virtue of §10509-54, GC, because the court's finding and judgment in favor of the defendant, Farr, was against the law, the evidence, and the manifest weight thereof.

The defendant, Farr, asserts two claims which we think should be first disposed of:

First, he urges that, inasmuch as he had not been advised, before he contracted .the marital relations with the decedent, of the existence of a will in favor of Chase, that the provisions of the will could not be asserted against him.

We do not believe any such notice was necessary in order to permit Chase to assert any claim that he might have.

Second, it is claimed by the defendant that inasmuch as Chase in administering the estate recognized the right of Farr by ascertaining the appropriate inheritance tax due from each interested in the estate upon the recognition of Farr's claim, and by failing to assert his own claim he was estopped from now asserting this claim.

We are not of the opinion that any action that Chase may have taken as an administrator, in the progress of settlement of the estate, would estop him from asserting his claim as an individual, but it is not necessary for us to pass upon this, as the proceedings now asserted to have worked an estoppel, while referred to in the testimony, are not incorporated in the bill of exceptions, and therefore can not be considered by us.

The decedent, during her lifetime, executed a will, the second item of which is:

"Second. I give, devise and bequeath to my four sisters, Mildred M. Hougk. 228 Madison St., Decator, Ind. Maude C. Durmond, 1905 Nichol Ave., Anderson, Ind., Viola L. McConnell, 366 McCreight Ave., Springfield, Ohio, Christol L. Schultz, 147 Brighton Dr., Akron, O. All Building and Loan Certf., to be divided equal, each sister to receive one fourth. To my sister Christol L. Schultz, all of my clothing. To my dear brother, Christie B. Chase, I leave my home located at 1301 Highland St., Columbus, Ohio, and my lot located to the south of my home, the contents of my home shall be divided between my sisters and brother, as he shall wish. My Chevrolet Coupe, shall be given to my brother, my savings account in the Ohio National Bank,

shall go to my brother, and all other money."

The claim of plaintiff is that by the provisions of an oral contract entered into between him and his sister, she agreed to will to him all her property, and he alleges that in pursuance of such contract she did will to him all her real estate. The chattel property mentioned in the will was sold and converted into other real estate, concerning which she died intestate. The personal property which was sold was that mentioned in the will as going to her four sisters. The appraisal value of the estate was $7,519.82.

The contract relating to real estate, the first question which arises is whether or not it is within the Statute of Frauds, §8621, GC, which provides that no action shall be brought to charge a person, upon a contract or sale of lands or interest in, or concerning them, unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party therein, or by some person duly authorized.

"A verbal promise in the alternative to compensate a party by will, either in land or money, is within section 5 of the statute against frauds and perjuries."

Howard v Brower, 37 Oh St 402.

"On a verbal agreement for the conveyance of land, the payment of the purchase money, whether in money or services. will not take the agreement out of the operation of the statute of frauds."

Grabill v March, 38 Oh St 331.

"A parol contract, the consideration being indivisible, which provides that one person shall, upon the death of another, succeed to all the property of the latter, is entire, and, if the estate consists of real as well as personal property, relates to an interest in lands, and, on that ground, is within the operation of the statute of frauds."

"Where a parol contract to convey an interest in lands is attempted to be withdrawn from the operation of the statute of frauds, by proof of its part performance, the acts of part performance, to be sufficient for that purpose, must be of themselves clearly referable to some contract between the parties relating to the property in dispute."

Shahan, Exr. et v Swan, 48 Oh St 25.

"The memorandum in writing which is required by the statute of frauds (§4199,

R.S.), is a memorandum of the agreement between parties; and it is not sufficient unless it contains the essential terms of the agreement expressed with such clearness and certainty that they may be understood from the memorandum itself or some other writing to which it refers, without the necessity of resorting to parol proof."

"* * * but the terms of the agreement must be expressed with reasonable certainty in the writing, and it must contain a sufficiently definite identification of the property to be so disposed of."

"A verbal agreement to leave real property to another by will, or otherwise, in consideration of personal services to be rendered by the latter, is within the statute of frauds, and void; and the payment of the consideration by rendering the services is not such performance as will take the agreement out of the operation of the statute."

"The doctrine of part performance obtains in equity only, and does not avail to render a contract which is void by the statute because unwritten or unsigned, capable of being sued on in a court of law."

**Kling, Admr. v Bordner, 65 Oh St 86.**

"That plaintiff moved into deceased's home pursuant to deceased's oral promise to will his property, consisting chiefly of realty, to plaintiff in consideration of plaintiff's moving into deceased's home and caring for him held not such possession as took contract out of statute of frauds."

"That plaintiff, in deceased's lifetime, made improvements on deceased's farm, held not to take out of statute of frauds deceased's oral contract to devise property to plaintiff in consideration of plaintiff's caring for deceased."

"That deceased made and delivered to plaintiff a will devising property to plaintiff held not 'memorandum' which would take oral contract to devise realty out of statute of frauds, where will made no reference to reason for devise." ·

"Performance of personal services under oral promise to reward therefor by devise by a will is not such performance as to take contract to make will out of statute of frauds."

**Ortman v Ortman, 45 Oh Ap 551-552 (14 Abs 502).** (Fayette Co. decision, by Hornbeck, P.J.)

In view of these decisions, to which others might be added, there can be no question that an oral promise to convey real estate or to devise the same to the person

performing services for a decedent, in pursuance of said oral contract, is within the statute of frauds. To make such contract effective, it, or a memorandum thereof, must be in writing

We, therefore, hold that the alleged contract set out in the plaintiff's petition, supported only by oral proof, can not be the basis of an action against the defendant on the facts alleged in this case.

The next question is whether or not the contract is saved from the Statute of Frauds by virtue of the fact that it was performed by the parties, and was of such a character as to render it inequitable, or a fraud upon the plaintiff, to deny the compensation agreed upon.

In this case the plaintiff, an elderly gentleman, was a resident of Marion, and was solicited by his sister, through intermediaries, to come to her home in Columbus, and remain there and care for her during her lifetime.

The evidence of the contract is far from satisfactory, the witnesses being rather indefinite in their testimony.

The plaintiff himself was barred from testifying, and the decedent could not, of course, appear as a witness.

"Allegation in petition for specific performance of contract to devise land that the care, services, and nursing, constituting the consideration, were not susceptible of being measured by a pecuniary standard, stated a conclusion."

"Verbal contract to devise land in return for ordinary care, services, and nursing of elderly owners held not enforceable, in suit for specific performance, in view of adequacy of remedy at law in action for value of services."

**Nunn v Boal, 29 Oh Ap 141 (6 Abs 148).**

"The performance of personal service under an oral agreement to convey or devise real estate and household goods in payment therefor is not such performance as to take the case out of the statute of frauds and require specific performance when the services which are performed are susceptible of being measured in money."

"Evidence of a will which contains no reference to such oral contract or to the reason for making a devise in favor of the one rendering such personal services, if it contained such devise, is not a sufficient written memorandum to remove the bar of the statute of frauds."

**Hathaway v Jones, 48 Oh Ap 447 (16 Abs 553).**

"Equity will not enforce by specific performance. a verbal contract to leave an estate, including real and personal property, to another by will. in consideration of personal services, even though the same have been performed, and said contract and performance are shown by clear and convincing evidence, unless the character of the services were not intended to be and are not susceptible of being measured by pecuniary standards, or unless the contract has been so far executed that a refusal would operate as a fraud upon the party who has performed and would result in a denial of just compensation."

**Newbold v Michael, 110 Oh St 588.**

It is stated in that case that it is conceded that such a contract as is claimed, much similar to the one at bar, must be shown by clear and convincing evidence, and the court holds that a careful reading of the record in that case fails to disclose anything but ordinary services rendered in a satisfactory and efficient manner, and says:

"We see nothing in the character of the services rendered that could not have been amply compensated by an award of a jury, under proper instructions."

"but we can see nothing of such an unusual character in the services rendered as to justify granting specific performance."

"* * * we are constrained to the conclusion that there is not sufficient in this record to enable us to determine that the services rendered by the plaintiff below were of such peculiar character and nature that they could not be measured by pecuniary standard, and that it would work no fraud upon the plaintiff below if she were denied specific performance of this parol agreement. but remitted to such compensation as she would be entitled in law."

The decedent's former husband died on January 1, 1932, and her brother came to her home, due to her solicitation, shortly thereafter. the exact date not being disclosed in the evidence; the decedent was married to Farr, the defendant, on September 27, 1934, and died on April 26, 1935.

It is thus disclosed that the plaintiff in this case was in his sister's home from a period near the date of her former husband's death, to-wit, January 1, 1932, to September 27, 1934, and afterwards until the death of his sister. performing simple household duties, the value of which could be readily ascertained upon the evidence to a jury in a proper action at law. and we are not of the opinion that they were of such a character as not to be susceptible of being measured by a pecuniary standard.

We, therefore, are of the opinion that plaintiff has not established a contract by █ clear and convincing evidence, █ and further that if he had █ so established it he has not shown that the character of the services were such as to invoke equitable relief.

It is next asserted that the contract was █ in fact completely performed █ by the decedent by making the will, and by the defendant performing the services.

The plaintiff asserts that he was in possession of the premises at the time his sister died. She did not give him any more possession to her property than she would have given to any other person who might come to her as a servant, and, of course, he did not gain possession of it by reason █ of the fact that the testatrix █ died while he was at her house; her husband was also there. and was equally or more in possession of the property than was the plaintiff. Ortman v Ortman, supra.

We have been referred to certain cases which it has been maintained support the position of plaintiff.

"Statutes of fraud held inequitable where transaction was executed."

**Rodebaugh v Lantz, 36 Oh Ap 423 (8 Abs 462).**

"One sister covenanted in writing with another, that if the latter would reside with her as long as she desired. she would 'give and bequeath' to her all the property, real and personal, of which she should die seized. The sister to whom the promise was made. accepted it, and fully performed the contract on her part: but her sister died without making a will, or in any way conveying the property to her. **Held:** That at the death of the sister making the promise the other became the equitable owner of the property of which her sister died seized; and, in specific performance of the contract, is entitled to a conveyance of the legal title from the heirs of her deceased sister."

"A promise to make a will in favor of a party, supported by a sufficient consideration and in due form of law, is a valid contract, and, if not made, may be specific-

ally enforced against the heirs of the promisor."

"As a contract affecting real estate, the agreement of Miss Powell, being signed by her. the party to be charged, conformed to the statute of frauds, and having been accepted and fully performed by her sister, the legal title descended to the heirs of Miss Powell in trust for her sister, and she is entitled to have it conveyed to her in performance of the contract made by the deceased."

**Emery v Darling, 50 Oh St 160.**

The difference between the above cited case and the case at bar is that there was an effective written agreement, taking the case out of the statute of frauds.

The case, therefore, does not help the position of the plaintiff.

"Although the policy of the law has always been to preserve with great care the right of dower when it has once attached to the property of the husband, the right must always attach subject to all the equities that may exist against the title of the husband at the time it attaches."

**Firestone v Firestone, 2 Oh St 415.**

The facts in this case disclose that before the marriage of the claimant to dower, the husband, for a consideration, agreed to convey certain lands to his son who paid the consideration and took possession and after the marriage the conveyance was actually made for a consideration partly good and partly valuable.

The Firestone case concerned a completed contract.

"A promise for a valuable consideration to make a will devising real estate is valid if evidenced as required by the statute of frauds and upon failure to perform specific performance may be had against any one having the title."

"A will devising real estate executed and delivered to the devisee in pursuance to a parol agreement, by which the testator for a valuable consideration agreed to devise that real estate to the devisee can not be revoked by a subsequent will so as to escape the obligation, but may be enforced in contract."

**Ralston v McBurney, 6 Oh Ap 303.**

The will involved in this case provided the devise of the property, "In consideration of his kind attention in looking after and taking care and attending to my business during my lifetime."

After making this will the testator made another will, and the court held that the first will should be enforced as a contract made upon a valuable consideration.

"This is not enforcing a verbal agreement for the conveyance of the property, but it is treating this paper writing purporting to be a will as a written conditional agreement between these parties." Id.

We are of the opinion that there are many observable differences which it is not necessary now to point out,· between this last case and the case at bar.

Position is taken by counsel for the defendant that inasmuch as Jasper Farr was evidently an adventurer seeking to profit by his marriage with an elderly woman in declining health, who had property which he hoped to inherit, that he would have no standing in court. Jasper Farr might have been a philandering fortune hunter, but this does not deprive him of rights that he may have gained by marital relations with the lady in question.

We are impressed with the carefully prepared opinion of the trial court, and might well have adopted its reasoning in toto, on all essential elements.

We arrive at the same conclusion that the trial court reached, for reasons he has stated, as well as for others, and our judgment will be that of affirmance. Cause remanded.

BARNES, PJ, and HORNBECK, J, concur.