JOSEPH J. MEDEIROS *v.* CAROLINE F. MEDEIROS.

NO. 2924 AND NO. 2925.

Argued September 25, 1953.          Decided January 2, 1954.

Towse, C. J., Le Baron and Stainback, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

Cross appeals were filed from a decree dismissing appellant's bill for cancellation of a deed to appellee and from appellee's cross bill seeking damages for the wrongful withholding of possession and loss of rentals and profits from the premises constituting their home.

On October 21, 1947, appellant conveyed all of his right, title and interest in their home to his wife, and on January 15, 1951 filed a bill for cancellation of the deed grounded upon fraud and undue influence in its execution, lack of consideration, and his incapacity at the time of execution. Appellee's cross bill alleged a continuing waste and trespass to and upon the premises and sought damages for the wrongful withholding of possession and deprivation of rents and profits.

The bill alleges that appellant was given to excessive intemperance during the period 1940 to 1948 in such degree that the addiction had caused him to become weak, ill, and infirm in body and mind, and totally unfit and incapacitated to execute a valid deed. The material evidence reveals that on two occasions during this period appellant received medical treatment; the first in 1946 for five days at the Queen's Hospital, the second in 1948 by commitment to the Territorial Hospital seven or eight

months after execution of the deed. The then clinical director of the hospital testified that appellant was suffering from delerium tremens at the time of admission and in his opinion did not possess the mental capacity to execute a conveyance.

Appellant testified that during the years 1940-1948 his mind often "went blank"; that on many occasions he failed to recall where he had parked his automobile; that he was about to be discharged from his employment for absenteeism; that he was weak, and "sick," and in a "trance" and could induce sleep only by excessive drinking; that he suffered much physical pain and was treated by several doctors; that at times during this period he was "off"; and that he did not recall executing the deed. The attorney who prepared the conveyance, and in whose office it was executed, testified that he had known appellant for a number of years; that he had been advised by a third party that appellant desired to have a deed prepared and executed conveying his interest in their home to his wife; that appellant voluntarily appeared at his office to execute the deed; that on the day of execution appellant was sober and did not appear to have been drinking; and that upon explaining the contents and effect of the deed to him immediately prior to execution and inquiring "if he understood all the circumstances why he was signing" appellant replied that "he did." The remaining witness to the execution, a notary public, was not called. Additional evidence adduced to negate appellant's claim of incapacity revealed that approximately three and one-half months after execution of the deed in question he had voluntarily joined his wife in the execution of a mortgage upon the same premises at the request of a bank mortgagee, again quitclaiming his right, title and interest in the identical property. Neither the validity of the mortgage transaction nor appel-

lant's capacity to execute that instrument is questioned. Appellant's brother testified that at the time approximating the date of execution appellant was mentally "sick," "off," and "obviously troubled." The testimony of appellant's wife was in substance the same as that of his brother except upon those matters bearing upon his competency.

Upon that showing and other evidence disclosing that appellant, a plumber first-class at the Pearl Harbor Navy Yard, had not been doing good work, "that his attendance on the job had not been satisfactory," that his employment record reflected absenteeism, "that he was sluggish, and obviously had something on his mind that was bothering him" but that when he applied himself to his duties he was effective and coherent though slow, the chancellor concluded the showing to be insufficient to establish either fraud, undue influence, or lack of consideration, and that appellant had not overcome the presumption of validity of the deed by failing to produce any direct evidence clearly establishing his incapacity *at the time of execution.*

The petition and cross bill were dismissed, the decree directing appellant to vacate the premises, and adjudging appellee to be the owner in fee thereof free from any claims or cloud upon her title.

Appellant contends that the chancellor erred in failing to find that the evidence established his incompetency in that: first, proper weight was not accorded the evidence bearing upon his *general* mental condition during the period of alleged incompetency; second, since he was suffering from a *general* impairment, that condition when combined with the fraud and undue influence practiced upon him and the grossly inadequate consideration, constituted sufficient grounds warranting cancellation.

Appellee contends that the findings of the chancellor are amply supported by the evidence; that to warrant cancellation in the circumstances upon grounds of incompetency resulting from habitual intoxication necessitates a showing that the appellant-grantor was in fact so grossly intemperate and intoxicated *at the time of execution* as to render him incompetent; and that valid consideration having passed between the parties, appellee thereupon discontinued her pending divorce action and returned to live with appellant.

Two issues are presented. What weight is to be accorded the findings of the chancellor? Whether those findings are supported by the evidence bearing upon appellant's incompetency.

"* * * issues of fact, the determination of which by the trial court is dependent solely or in a great degree upon the weighing of conflicting testimony and the credibility of witnesses, are entitled to great weight upon review." (*Hung C. Ching* v. *Fook H. Tong,* 38 Haw. 616, 624 and authorities cited.) The findings of the chancellor in circumstances such as here presented will not be disturbed "unless the record is clearly convincing that they are not in accordance with the evidence." (*Hospital* v. *Wodehouse,* 33 Haw. 846, 857.) These principles have been consistently adhered to by this court upon reviews such as presented by the record before us. We find ample evidence substantiating the chancellor's findings upon the issues of fact, and the dismissal of the cross bill.

The scope of review thus defined, we pass to a determination of the sufficiency of that evidence viewed under the principles applicable to cancellation upon the grounds of appellant's alleged incompetency. "Intoxication which is absolute and complete, so that the party is for the time entirely deprived of the use of his reason

and is wholly unable to comprehend the nature of the transaction and of his own acts, is a sufficient ground for setting aside or granting other appropriate affirmative relief against a conveyance or contract made while in that condition, even in the absence of fraud, procurement, or undue advantage by the other party." (*Coody* v. *Coody,* 39 Okla. 719, 722, L. R. A. 1915 E., 465, 136 Pac. 754, 755.) The burden is upon the petitioner (*Howe* v. *Howe,* 99 Mass. 88), to establish that the grantor was intoxicated in such degree as "to have drowned reason, memory and judgment, and to have impaired the mental faculties to such an extent as to render the party *non compos mentis* for the time being." (*Martin* v. *Harsh,* 231 Ill. 384, 389, 83 N. E. 164, 165, 13 L. R. A. [N. S.] 1000, 1003.) A bare showing that the grantor, "though habitually intemperate, was often sober and free from the influence of intoxicating liquors" and that the deed was executed during an interval of sobriety is insufficient. (*Conley* v. *Nailor,* 118 U. S. 127, 131, 30 L. Ed. 112, 114, 6 S. Ct. 1001.)

However, continuous addiction resulting in "extreme weakness of intellect, even when not amounting to insanity, in the person executing a conveyance, may be sufficient ground for setting it aside when made upon a nominal or grossly inadequate consideration" (*Conley* v. *Nailor, supra*), or upon a showing of fraud or undue influence (*Ralston* v. *Turpin,* 129 U. S. 663, 32 L. Ed. 747, 9 S. Ct. 420), or mere inadequate consideration (*Harlow* v. *Kingston,* 169 Wis. 521, 173 N. E. 308, 6 A. L. R. 327). "Although inadequacy of consideration, in and of itself, is not a distinct ground for equitable relief, and while, when standing alone, it is ordinarily entitled to but little weight as evidence of fraud, yet when it is coupled with other circumstances showing overreaching or oppression, or it appears that undue influence

was exerted over the grantor, or that through age, ignorance, sickness, or mental incapacity the grantor did not fully comprehend his acts * * * equitable relief will be granted." (*Hardy* v. *Dyas,* 203 Ill. 211, 216, 217, 67 N. E. 852.)

In the record before us, appellant has failed to establish by satisfactory evidence that he was either *non compos mentis* or lacking in intellect to such degree at the time of execution as would warrant cancellation. Clear and direct evidence upon this issue is found in the testimony of the attorney, recited *supra,* who had known appellant for a prolonged period during which time he had observed him in states of both intoxication and sobriety, thus cogently qualifying him in the circumstances presented to conclude upon appellant's condition at the time of execution. He testified that when the appellant appeared at his office he was sober and possessed no odor of intoxicants. In addition to these facts and the knowledge that appellant was addicted to gross intemperance, he inquired prior to execution whether "he understood all the circumstances why he was signing." Appellant responded affirmatively. He further inquired of appellant's motive in executing the instrument. Appellant volunteered that he "wanted to go home," that "he wanted to go home to his boy," and that "he wanted to get rid of this divorce case, make amends to his wife and go home to his wife."

We conclude from the evidence, that although appellant was addicted to gross intoxication, he nevertheless executed the deed during an interval of sobriety when mentally competent within the rule enunciated in *Ralston* v. *Turpin,* 129 U. S. 663, 671, 32 L. Ed. 747, 9 S. Ct. 420. In the *Ralston* case while the grantor for many years prior to execution was "intemperate in his use of ardent spirits" he nevertheless experienced inter-

vals of sobriety during which he was clearly competent and capable of transacting business, and cancellation of deeds executed by him during these intervals was denied. The court stressed the grantor's capacity at the time of execution in observing that: "The vital inquiry is as to his capacity, not when he was intoxicated, but when the deeds were executed." (*Ralston* v. *Turpin,* 129 U. S. 663, 671, 32 L. Ed. 747, 9 S. Ct. 420.)

We adopt the findings of the chancellor upon the issue of incompetency.

For further determination is whether appellant's addiction had so impaired and enfeebled his mental faculties that, although such impairment of itself was insufficient to warrant cancellation yet, when considered with evidence of fraud, undue influence or inadequate consideration constituted sufficient grounds to avoid the deed. (*More* v. *More,* 133 Cal. 489, 65 Pac. 1044, 66 Pac. 76; *Harlow* v. *Kingston,* 169 Wis. 521, 173 N. W. 308, 6 A. L. R. 327.) Appellant endeavored to establish a general mental impairment predicated upon his adjudication as an incompetent and his commitment to the Territorial Hospital seven or eight months after execution. The weight to be accorded evidence of subsequent adjudication in circumstances such as here presented is dependent in a great degree upon its proximity to the time of execution; its admissibility and weight resting largely in the discretion of the chancellor subject to review only upon a showing of abuse of that discretion. (*People* v. *Farrell,* 31 Cal. 576; *Taylor* v. *Taylor,* 174 Ind. 670, 93 N. E. 9.) We concur in the chancellor's finding that little weight should be accorded the testimony of the clinical director in the circumstances presented, since his testimony was limited exclusively to appellant's mental condition at the time of admission to the hospital and not at the time of execution seven or

eight months prior thereto.

That appellant joined his wife at the request of a mortgagee bank some three and one-half months after execution in a mortgage upon the identical property again releasing all of his interest therein, we deem to be further evidence materially indicating appellant's competence on the day of execution of the deed in question. His capacity to execute that release has not been questioned nor attacked in any manner. We concur with the chancellor in according considerable weight to this indicia of competence.

Further evidence bearing upon appellant's alleged general mental impairment was adduced from the attorney, from appellant's helper at the Navy Yard, from his brother and wife, and appellant himself, the testimony of the latter three witnesses upon this issue again being remote to the date of execution save that of the appellant recited *supra*. The attorney testified that on the day in question appellant appeared to have "been on a drunk"; that he was "shaking"; had the "heebie-jeebies or something"; that he had "tears in his eyes"; that he was excited, "sad * * * downcast"; that he kept saying "he wanted to go home to his boy"; that "he missed his boy"; and that "he didn't want a divorce."

It is contended that the foregoing evidence constituted sufficient grounds to establish a *general impairment* warranting cancellation. We are again constrained to apply the rule enunciated previously in *Hung C. Ching* v. *Fook H. Tong,* 38 Hawaii 616, and *Hospital* v. *Wodehouse,* 33 Hawaii 846. Unless therefore it can be shown upon this review that the findings of the chancellor upon the issue of general impairment are clearly not in accord with the evidence as borne out by the entire record, those findings will not be disturbed. Upon this issue, the evidence does not leave us in doubt. Appellant has utterly failed,

in our opinion, to establish that the findings of the chancellor are clearly contrary to the evidence.

Assuming that appellant was in fact suffering from a general impairment resulting from prolonged excessive indulgence which of itself, as we find, constituted insufficient evidence of mental incapacity to warrant cancellation in the circumstances presented, he has also utterly failed to supplement those facts by a showing of either fraud, undue influence, or lack of consideration. (*More* v. *More*, 133 Cal. 489, 65 Pac. 1044, 66 Pac. 76; *Harlow* v. *Kingston*, 169 Wis. 521, 173 N. W. 308, 6 A. L. R. 327.) The record bears no evidence whatsoever that appellant's wife by improper means and practices gained an unconscionable advantage over appellant. They had lived apart for several months prior to execution of the deed, having very limited communication with each other. The evidence further discloses that she was unaware of the existence of the deed until some time after its execution, and only then did she take delivery. There is no showing that the third party who accompained appellant to the attorney's office was acting at the instance of the appellee, or that he conducted himself in any manner but with the utmost good faith toward appellant.

The deed recites its execution to be "* * * in consideration of the sum of One Dollar ($1.00) * * * and in further consideration of the love and affection which the Grantor bears to the Grantee * * *." The evidence indicates that one of the motives of execution was to induce appellee to return home and discontinue her pending divorce. That the consideration was actually tendered, that appellee returned after execution, and that the parties resumed the marital status for approximately a year thereafter is not denied. Sufficient valuable consideration is found in appellee's forebearance to prosecute the pending divorce action. (*Darcey* v. *Darcey*, 29

R. I. 384, 71 Atl. 595, 23 L. R. A. [N. S.] 886, cited in 149 A. L. R. 1011, 1019.)

Appellant having failed to sustain either of the issues presented, the decree appealed from is affirmed.

*F. W. C. Loo* (*Levinson & Cobb* on the briefs) for appellant in case No. 2924.

*K. E. Young* (also on the brief) for appellee in case No. 2924.

*K. E. Young* (also on the briefs) for appellant in case No. 2925.

*F. W. C. Loo* (*Levinson & Cobb* with him on the brief) for appellee in case No. 2925.