66 N.J. Super. 246 (1961)
168 A.2d 839
ADA W. GILBERT, PLAINTIFF-APPELLANT,
v.
JOHN E. GILBERT, JR., ELIZABETH GILBERT, HIS WIFE, MARGARET E. GILBERT, A SINGLE WOMAN, AND ALEXANDER DENBO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 16, 1961.
Decided March 17, 1961.
*248 Before Judges GOLDMANN, FOLEY and FULOP.
Mr. James M. Davis, Jr., argued the cause for appellant (Messrs. Powell and Davis, attorneys).
Mr. Louis B. LeDuc argued the cause for respondents.
The opinion of the court was delivered by FOLEY, J.A.D.
Plaintiff brought suit for relief in the nature of specific performance of an oral antenuptial agreement by which her husband, now deceased, had promised that in consideration of plaintiff's marrying him he would execute a will leaving her certain property. Defendant made a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. The Chancery Division entered an order dismissing the complaint and filed an opinion which appears at 61 N.J. Super. 476. Plaintiff appeals.
The facts of the case are related in extenso in the reported opinion. Since the issues presented to us are more limited than those presented to the trial court, we restate only the facts necessary to our adjudication of the matter. In 1949 plaintiff became acquainted with John E. Gilbert, father of defendants John E. Gilbert, Jr. and Margaret E. Gilbert. *249 Shortly thereafter, he proposed marriage to the plaintiff, who agreed to marry him if he would provide her with a home of her own, and with a housekeeper to be paid at his expense. She conditioned her promise to marry upon the proviso that if Mr. Gilbert agreed to these terms, they should be reduced to a writing to be signed by both parties. Mr. Gilbert orally accepted plaintiff's proposal, whereupon they fixed September 10, 1949 as the marriage date.
On August 27, 1949 the written agreement not having been prepared, plaintiff told her intended husband that she would not go through with the marriage unless the written agreement was drawn. He then proposed that in lieu of his aforesaid undertaking, he make a will by which plaintiff would benefit at his death if she survived him, to the extent of a devise to her of his homestead, and bequests of one-third of such money as he might leave in the bank, and the legal title to an automobile which she had put in his name. Plaintiff agreed to the proposal, and on the same date Mr. Gilbert executed a will in accordance with the terms of their understanding. Therein he identified plaintiff as Ada W. Gatter "who will soon be my wife."
The couple were married on September 10, 1949 and lived together as husband and wife until his death on March 1, 1960. In the interim plaintiff was informed that in October or November 1949 Mr. Gilbert had made a new will by which he had left to plaintiff substantially his entire estate. However, plaintiff never saw this will and there was no proof of its existence or contents.
On October 27, 1950 Mr. Gilbert executed a will which made no provision whatever for plaintiff except to "give" her a dower interest in his real property; the remainder of the estate he gave to the defendants John E. Gilbert, Jr. and Margaret E. Gilbert in equal shares, and appointed them and defendant Alexander Denbo executors.
After Mr. Gilbert's death, plaintiff, on the basis of the foregoing facts, instituted the present action in two counts. In the first count she demanded judgment adjudicating *250 that (1) the will of August 27, 1949 was a valid will entitled to probate, and that it was irrevocable without her consent; (2) the "paper writing" of October 27, 1950 was executed in breach of the agreement of August 27, 1949; if probated, it would constitute a cloud upon the title of plaintiff to the real and personal property devised and bequeathed to her by the will of August 27, 1949; or the supposed will of October or November 1949; and the "paper writing" of October 27, 1950 was a fraud upon her; (3) probate of this instrument be enjoined; (4) plaintiff be declared the owner of the real property of the decedent, and her right, title and interest therein be discharged of any claim thereto by the defendants personally or in a representative capacity; (5) the claims of John E. Gilbert, Jr. and Margaret E. Gilbert to the personally of decedent be limited to such share therein as they acquired by the will of August 27, 1949, or the supposed will of October or November 1949. In the second count plaintiff alleged ownership of the aforementioned automobile, charging that she had purchased it with her own funds and that decedent's interest in it was that of a trustee; she demanded that defendants be required to execute such instruments as would vest in her the legal title thereto. The disposition of this count by the trial court is not challenged.
The basic dispute, both in the Chancery Division and on appeal, requires a determination of whether the oral agreement of August 27, 1949 is barred by R.S. 25:1-5(c), which provides that no action shall be brought upon an agreement made in consideration of marriage unless such agreement or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith.
Defendant moved to dismiss the complaint alleging, among other grounds, that the agreement upon which plaintiff relied was one made in consideration of marriage, and being oral was in violation of the statute of frauds and therefore "void and unenforceable." R.R. 4:12-2 does not permit raising the defense of the statute of frauds on a *251 motion addressed to the complaint since the defense is affirmative in nature. However, it is conceded that the question of the applicability of the statute was fully argued below. Moreover, counsel agreed at the oral argument to waive any technical objection arising from the failure to raise the bar of the statute by formal answer, and consented to our considering the applicability of the statute as if it had been formally pleaded, treating defendant's motion as one for summary judgment under R.R. 4:58-2.
It is well settled that an antenuptial parol agreement to make a settlement in consideration of marriage cannot be made the foundation of an action, by reason of the provisions of the statute. Watkins v. Watkins, 82 N.J. Eq. 483, 484 (Ch. 1913), affirmed o.b. 85 N.J. Eq. 217 (E. & A. 1915). Nor is the marriage alone such part performance of an antenuptial parol contract as will withdraw the same from the operation of the statute, and thereby render it enforceable in equity. Ibid.
Initially, in recognition of these principles, plaintiff concedes that Mr. Gibert's original promise to provide her with a home and housekeeper is unenforceable, but she contends that the parol agreement of August 27, 1949 is actionable because the promise to execute a will in her favor was made not only in consideration of marriage, but also in consideration of her foregoing a "legal right" to require decedent to reduce the earlier promise to writing. Plaintiff cites us no authority to substantiate her contention that she had a legal right to enforce the oral promise to reduce the agreement to writing, and none has come to our attention. It is our view that this promise was made solely in consideration of marriage, just as was the earlier promise to provide the home and the housekeeper. Accordingly, we conclude that in accepting the proposal of August 27, 1949 plaintiff relinquished no enforceable legal right since the marriage itself was the only consideration for both promises.
But even if the marriage was not the sole consideration for decedent's oral promise to execute a will in plaintiff's *252 favor, the statute of frauds bars the enforcement of the promise of August 27, 1949. Even if we assume that the prior antenuptial parol arrangement was sufficient consideration to support the latter agreement, plaintiff is not helped since it is conceded that the first agreement itself was made, at least partially, in consideration of marriage. The rule governing such a situation is stated in Restatement, Contracts, § 192, p. 251 (1932) as follows:
"Any promise for which the whole consideration or part of the consideration is either marriage or a promise of marriage is within Class III of § 178, except mutual promises of two persons that are exclusively engagements to marry each other."
Section 178, page 232, sets forth those classes of promises which are unenforceable unless there is a written memorandum thereof signed by the party against whom enforcement is sought. Class III of section 178 consists of contracts in which the consideration is marriage or a promise to marry, except contracts consisting only of mutual promises by two persons to marry each other. Support for this rule is found in Kufta v. Hughson, 46 N.J. Super. 222 (Ch. Div. 1957), which held that if a parol contract partly within the statute of frauds is entire and indivisible, the whole contract is unenforceable. See also Fischer v. Fischer, 106 Neb. 477, 184 N.W. 116, 21 A.L.R. 306 (Sup. Ct. 1921), which held that an agreement to marry and to care for the children of the prospective husband constitutes one entire contract, made upon consideration of marriage, and is therefore unenforceable as being within the statute of frauds.
Secondly, plaintiff contends that the will of August 27, 1949 is a sufficient memorandum of the alleged antenuptial parol agreement to take it out of the statute. It is elementary that although the memorandum required by the statute need not be a formal contract, and need not contain a statement of the consideration supporting the contract, see R.S. 25:1-8, it must contain the essential *253 terms of the contract. 49 Am. Jur., Statute of Frauds, § 322 (1943). Hence, in 1 Page on Wills, (rev. ed. 1960), § 10.12, it is stated that:
"* * * A will which has been revoked and which has never been probated may be a sufficient memorandum. If the will does not show the existence or terms of the contract, it is not a sufficient memorandum."
Apparently, our courts have never considered under what conditions a will may be a sufficient memorandum of an antenuptial parol agreement so as to satisfy the requirements of the statute. However, the rule stated in Browne, Statute of Frauds (3d ed. 1870), § 371:
"* * * that it must contain the essential terms of the contract, expressed with such a degree of certainty that it may be understood without recourse to parol evidence to show the intention of the parties."
has gained acceptance in many jurisdictions. See Zellner v. Wassman, 184 Cal. 80, 193 P. 84 (Sup. Ct. 1920); In re Byrne's Estate, 122 Pa. Super. 413, 186 A. 187, 188 (Super. Ct. 1936); Hathaway v. Jones, 48 Ohio App. 447, 194 N.E. 37 (Ct. App. 1934); Luders v. Security Trust and Savings Bank, 121 Cal. App. 408, 9 P.2d 271, 272 (D. Ct. App. 1932); Annotation, 106 A.L.R. 742, 765.
Illustrative of the application of this rule in a case factually apposite to that sub judice is the holding in Busque v. Marcou, 147 Me. 289, 86 A.2d 873, 876, 30 A.L.R.2d 1411 (Sup. Jud. Ct. 1952), where, after discussing the general requirements of a memorandum sufficient to satisfy the statute, the court stated:
"The application of the foregoing principles to the will here in question, which is a simple devise and bequest of property to the plaintiff making no reference to any agreement between the parties with respect to the execution of the will or that the same is made in pursuance of any agreement whatever clearly demonstrates that this will is not a sufficient note or memorandum to satisfy the requirements of the statute of frauds, with respect to the contract *254 here under consideration. Brought v. Howard, 30 Ariz. 522, 249 P. 76, 48 A.L.R. 1347, is a case directly in point.
Other cases hold that a will which fails to refer to or show a connection with the agreement or bargain in question is an insufficient memorandum under the statute of frauds. * * * To multiply authorities would serve no useful purpose. As was well said by the Arizona court in Brought v. Howard, supra [30 Ariz. 522, 249 P. 80, 48 A.L.R. 1347]: `A potential factor in furtherance of fraud would be engendered were a will containing a simple bequest permitted to operate as evidence of a binding contract to make such a bequest. It must therefore be held that there is no written memorandum of the agreement here in suit.'"
The above language is peculiarly applicable to the case at bar. There is no indication that the will of August 27, 1949 was made pursuant to the agreement or bargain in question. It does not in any way refer to such an agreement. It consists only of various bequests and devises. References in the will to Ada W. Gatter as the person who "will soon be my wife" do not aid plaintiff. These references are merely by way of identification. They in no way refer to any prior agreement with plaintiff; they simply identify plaintiff, formerly Ada W. Gatter, as testator's prospective wife. While in other circumstances the descriptive words might be significant, as for example, in a case where undue influence is charged by those who might be deemed to be the natural recipients of testator's bounty, against a beneficiary who seemingly had no apparent claim thereto, they are of no significance here. Granted that the reference to plaintiff as one "who will soon be my wife" was a commendable indication of love and affection, and fully explanatory of the reason for the testamentary disposition, this is not to say that the descriptive words spell out the existence of, much less the terms of, a contract to dispose of decedent's estate in the manner provided by the will. We conclude, therefore, that the will was not a memorandum sufficient to satisfy the statute of frauds.
Accordingly, the judgment dismissing plaintiff's complaint as failing to state a claim upon which relief could be granted is affirmed.